# IN THE COURT OF APPEALS OF IOWA

_____

No. 25-1254
Filed May 27, 2026

_____

**State of Iowa,**
Plaintiff–Appellee,
v.
**Alisa Kay Jones,**
Defendant–Appellant.

_____

Appeal from the Iowa District Court for Hancock County,
The Honorable Rustin T. Davenport, Judge.

_____

**AFFIRMED**

_____

Austin Jungblut of Parrish Kruidenier L.L.P., Des Moines,
attorney for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, attorneys for appellee.

_____

Considered without oral argument
by Schumacher, P.J., and Ahlers and Badding, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

A few days before she was set to be tried on eight criminal charges, Alisa Jones reached a deal with the State to resolve her case by plea. Pursuant to the parties' agreement, Jones pled guilty to three counts: intent to deliver methamphetamine and forgery—both as a habitual offender—and child endangerment. In return, the State dismissed five other charges and asked the district court to sentence Jones to concurrent prison terms. Jones, however, requested suspended sentences with probation. But the court declined to do so, explaining to Jones at the sentencing hearing:

> [Y]ou speak well as to the hopes of rehabilitation that might be available through community services; and I appreciate the proposal and the consideration you've given me regarding those matters.
>
> However, I believe that, based upon the circumstances of this case, which involved not only drug offenses but also other criminal offenses at the same time, a sentence needs to be imposed that will protect the community and also deter others from committing similar crimes. In short, both your criminal history and the connection of the drug offenses with other offenses that harm the community, to me, justifies the recommendations of the county attorney as well as the recommendations in the presentence investigation report.

Jones appeals,[1] arguing the district court erred by failing to "articulate any reason for running the sentences concurrently." She contends that she "deserves the right to know why [her] particular sentence was imposed" and that it is unclear on this record "whether the district court understood it had

---

[1] Because Jones is challenging the sentencing process, she has good cause to appeal as a matter of right. *See* Iowa Code § 814.6(1)(a)(3) (2025); *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) ("We have found a defendant generally has good cause to appeal as a matter of right when the defendant challenges his sentencing hearing or the sentence itself.").

discretion" to choose a consecutive sentence. For this reason, Jones urges us to remand for resentencing.

We find no defect in the district court's sentencing procedure or an abuse of its sentencing discretion. *See State v. Duffield*, 16 N.W.3d 298, 302 (Iowa 2025). Iowa Rule of Criminal Procedure 2.23(2)(g) requires the court to "state on the record the basis for the sentence imposed." This is to ensure defendants understand "the consequences of their criminal actions," as well as to enable appellate review. *State v. Luke*, 4 N.W.3d 450, 456 (Iowa 2024) (citation omitted). Rule 2.23(2)(g) also requires the sentencing court to "particularly state the reason for imposition of any consecutive sentence." But there is no similar rule for concurrent terms. And where a court rejects "particular sentencing options," it is not required to explain why. *State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022) (citation omitted).

There is no dispute that the district court provided adequate reasons for sending Jones to prison rather than granting her request for probation. The court was not required to provide further reasons for its decision to impose concurrent terms. Finally, it is Jones's "burden to show the district court was unaware" of its sentencing discretion. *Id.* She has failed to do so. *See State v. Jesse*, No. 24-0705, 2024 WL 4762618, at *2 (Iowa Ct. App. Nov. 13, 2024) (stating that "[i]n the absence of evidence establishing that the district court did not know" about a sentencing option, "we will not make such an assumption").

Finding no error of law, we affirm.

**AFFIRMED.**